[Crim. No. 1489.   Third Appellate District.—July 11, 1936.]

THE PEOPLE, Respondent, v. IRVE CONNELL, Appellant.

Ivan Sperbeck and Ray Manwell for Appellant.

U. S. Webb, Attorney-General, and Wilmer W. Morse, Deputy Attorney-General, for Respondent.

BRUTON, J., *pro tem.*—The appellant was convicted of a violation of section 288 of the Penal Code of the state of California. The pertinent facts are as follows: On the evening of December 26, 1935, while appellant was escorting two children, Ida Nancy Dunning, age eight years, and George Dunning, age three and one-half years, from his home in Yuba City to the home of their parents in the same city, he entered the Christian Church with them, lifted Ida Nancy Dunning up onto a table and inserted his thumb into her vagina. Immediately upon her arrival home the little girl made complaint to her mother. Within an hour or two the child was examined by Dr. O. H. Perry, county physician of Sutter County, who found an inflammation of the vagina, of recent mechanical origin. Appellant was arrested, and the following evening, December 27, 1935, made a complete confession in considerable detail in the presence of the district attorney, the court reporter, and Mr. A. W. Kimmerer, a special investigator and deputy sheriff, in which appellant stated that his confession was freely made, without duress or undue influence, and that he realized that it would be used against him. On the trial, appellant repudiated his confession on the ground that Mr. Kimmerer had promised him immunity if he would confess the act charged. This was denied by Mr. Kimmerer. The appellant, as witness in his own behalf, denied entering the church with the children, or in any way acting in an improper manner toward Ida Nancy Dunning.

The appellant made three specifications of error: (1) That the verdict is not supported by the evidence; (2) that there were errors of law in the rulings of the court prejudicial to the defendant; (3) that the verdict was arrived at through passion and prejudice induced by the prejudicial misconduct of the district attorney and trial judge.

As to the first specification, there is conflict in the testimony of Ida Nancy Dunning and of the appellant, as to the commission of the act itself; of Mr. Kimmerer and appellant, as to an offer of immunity to induce a confession, and in the testimony of other witnesses as to other material matters. The jury, however, resolved these conflicts against

appellant, as was its right. The verdict is amply supported by the evidence. (*People* v. *Deysher*, 2 Cal. (2d) 141 [40 Pac. (2d) 259].)

In support of appellant's second specification of error, it is urged that the trial judge, in his comment to the jury upon the evidence, exceeded the powers conferred by section 19 of article VI of the Constitution of the state of California. The court's comment was as follows: "It is also the function of the court, and also the duty of the court, when he believes it should be done, to comment to some degree on the evidence. In so doing, it isn't the function of the court to usurp the province of the jury, because you are the sole judges of the facts of the case and must arrive at a verdict of guilt or innocence, exercising your individual judgment, but there is a duty imposed by law on the court, and I so desire to comment at this time. The evidence in this case offered by the prosecution is that the defendant, while returning little Ida Nancy Dunning to her home, took her out of the direct route and into the Christian Church, where he committed the act complained of. She immediately thereafter made complaint to her mother, and within two hours she was examined by the county physician, who testified he had found the vagina as if it had been bruised by some foreign and blunt object. This evidence is sufficient, if believed by the jury, to justify a verdict of guilty, regardless whether or not the jury accepts the confession made by the defendant. The evidence offered by the defendant is that upon returning Ida Nancy Dunning to her home, he took practically the same route she testified was taken, but did not enter the church, and did not, either in the church or in any other place, commit the act complained of. This evidence is sufficient, if believed by the jury, to justify a verdict of not guilty. In consideration of the evidence determining the innocence or guilt of the defendant, it is proper for the jury to take into consideration the testimony of Dr. Perry, that, whether or not you shall disregard it, and whether or not you shall accept it as true that he, at the time he made the examination within a short time after complaint was made, and further, as a result of his exami-

nation, that the private parts of this girl had been bruised by someone—or inflamed as if they had been bruised by some blunt instrument, and that such condition was of recent origin. If you believe that to be the fact, it is a circumstance to be considered by you in arriving at the guilt or innocence of the defendant. The defendant, shortly after arrest, made a confession to the district attorney in the presence of a stenographic reporter, and a transcript of that evidence has been introduced. The defendant does not question but that he gave this confession. It appeared from the transcript it was given freely and voluntarily after he had been fully informed of his rights, and after being informed that the testimony would be used against him. Under such circumstances full credit should ordinarily be given the confession, amounting in effect to a plea of guilty, and if given, as indicated in the opinion of the court, would ordinarily justify any reasonable person in concluding that the defendant was guilty of the crime charged, and in acting pursuant to such conclusion. The claim of the defendant now is that such confession was false, and was not freely and voluntarily given, because of promises and inducement held out and made by Mr. Kimmerer, a special investigator and deputy sheriff, the confession is but a repetition in more detail of the testimony of Ida Nancy Dunning, and if it be a fact the confession is a true recital of facts, it would also follow, as a matter of fact, the defendant is guilty under the facts of the crime charged. The court has admitted the confession in evidence, but as I have already instructed you, the question as to whether it was freely and voluntarily made is one for you to determine. In determining the question it will be proper for you to ask, 'Would a person who has led a life of the defendant, interested in Sunday school work, and being of good reputation, confess to a crime of this nature without knowing its seriousness, and with the expectation that he would be immediately released from jail?' 'Would a person falsify a confession for the purpose of getting leniency?' 'Describe in such detail the story of a crime he had not committed?' 'Would a person expecting leniency and freedom by reason of promises and inducements held out to him by a subordinate of the district at-

torney prior to the time of his making the confession, in giving the confession to the district attorney, not, in any manner, inform the district attorney of such expectation, but, on the contrary, state the confession was being freely and voluntarily made without any promises or offers of reward held out to him?' Whether defendant is now telling the truth, or whether he, after confessing to the crime, has repudiated that confession, not because of its falsity, but because of necessity and expediency in presenting his case to you. As you have been informed, the court admitted this confession in evidence. It still remains with you to determine whether it was freely and voluntarily made. A defendant who has committed a crime and voluntarily confessed, should answer therefor. No one should be convicted upon a false statement procured from him by offers of reward or immunity. As I have previously told you, the comments I have made to you on this case were made to you because it was my duty so to do, and in so doing, I am in no way usurping your province, because the question of guilt or innocence of this defendant is for you to determine.''

In the light of the recent decision of the Supreme Court in *People* v. *Ottey*, 5 Cal. (2d) 714 [56 Pac. (2d) 193], it is very clear that the above comment of the trial court was both fair and dispassionate, and did not in any way exceed the power of the court, as conferred by section 19 of article VI of the Constitution.

Lastly: The contention that the verdict was arrived at through passion and prejudice, induced by prejudicial misconduct of the district attorney or trial judge, is not supported by the record.

The judgment is affirmed.

Pullen, P. J., and Thompson, J., concurred.